IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PAUL R. LOPEZ-HIDALGO,

        Petitioner,

v.                                                                                       Case No. 3:12cv115

JANET NAPOLITANO, et al.,

        Respondents

**REPORT & RECOMMENDATION THAT THE
PETITION BE DISMISSED**

*I. INTRODUCTION*

On September 27, 2012, Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241 naming the following as respondents: Janet Napolitano, Secretary of the Department of Homeland Security (DHS); John Morton, Director of Immigration & Customs Enforcement (ICE); Gary Mead, Director of Enforcement & Removal Operations at ICE; Stacia Hylton, Director of the United States Marshal Service (USMS); Mike Lawson, Warden of Potomac Highlands Regional Jail; and Eric Holder, Attorney General of the United States. The grounds stated in the writ allege that: (1) Petitioner was not informed of the immigration consequences related to a plea of guilty to misdemeanor drug possession, thus that conviction is invalid; (2) Petitioner is eligible for adjustment of status notwithstanding the misdemeanor conviction; and (3) Petitioner's detention and removal are in violation of the United Nations Convention Against Transnational Organized Crime (CATOC).

On October 11, 2012, this Court issued an Order to Show Cause why the writ should not be

1

granted, and on October 15, 2012, respondents filed a Motion to Dismiss, or in the alternative a Motion for Summary Judgment (Doc. 7). In support of the motion, respondents argue several grounds: (1) Petitioner failed to effectuate proper service on respondents; (2) Petitioner's immediate custodian is the only proper respondent[1]; (3) the instant petition was improperly filed as a § 2241; (4) Petitioner cannot proceed pursuant to § 2254; and (5) this Court does not have jurisdiction to review a final removal order. On November 9, 2012, Petitioner filed his response to the motion, and on November 16 respondents replied.

## II. BACKGROUND

Petitioner was born on March 18, 1970 in Lima, Peru, and at age five moved to Puebla, Mexico. At fifteen, Petitioner entered the United States with his father without inspection at the border. Ten years later, Petitioner married a United States citizen and attempted to adjust his status to that of lawful permanent resident, but the process was never completed and the two were divorced in 2003. At some point during the marriage, Petitioner had a daughter with another woman. In 2011, Petitioner married another woman and has again begun the process of trying to adjust his status.

On September 25, 2008, Petitioner was arrested in Martinsburg, West Virginia, for felony possession with intent to distribute cocaine, a state charge. At some point during the arrest, the Drug Enforcement Agency (DEA) intervened and asked Petitioner to serve as an informant. Petitioner agreed and performed several controlled buys for the Eastern Panhandle Task Force. On March 12, 2010, a warrant was issued for Petitioner's arrest out of Berkeley County, West Virginia for the aforementioned September 2008 drug charge. On October 26, 2011, Petitioner was convicted of misdemeanor possession of a controlled substance, the result of a guilty plea. Petitioner contends

---

[1]Because the undersigned recommends dismissal of the entire petition there is no need to discuss the dismissal of individual respondents.

that he served as an informant during this entire period from his arrest to his conviction.

On December 15, 2011, Petitioner appeared before an immigration judge in York, Pennsylvania, and was ordered removed from the country to his home country of Peru. The sole ground of removal was Petitioner's illegal presence in the United States. Petitioner is currently in the custody of both ICE and the USMS, and being detained at the Potomac Highlands Regional Jail until he can testify as a material witness in the criminal case of *United States v. Domingo Hernandez-Hernandez*, No. 3:12-cr-29, which is currently pending before this Court. On May 10, 2012, Petitioner filed a habeas petition in state court pursuant to W. Va. Code § 53-4A-1, attempting to challenge his state conviction on ineffective assistance of counsel grounds. On September 6, 2012, the state court dismissed the petition because it did not have subject matter jurisdiction as Petitioner was not serving a sentence for that crime, and was solely in the custody of the United States. The instant petition followed.

## III. STANDARD OF REVIEW

*A. 12(b)(1)*

A motion to dismiss for lack of subject matter jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(1). As a general matter, the plaintiff has the burden of demonstrating that subject matter jurisdiction properly lies in federal court. *See Evans v. B.F. Perkins Co., a Division of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). "When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding into one for summary judgment." *Id.* (internal quotation omitted). "[I]f the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law,"

3

the Rule 12(b)(1) motion should be granted. *Richmond v. F. & P. R. Co.*, 945 F.2d 765, 768 (4th Cir. 1991). Thus, even though the motion is not converted into one for summary judgment, it is effectively the summary judgment standard that applies. Accordingly, reasonable inferences should be drawn in the light most favorable to the nonmoving party. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

*B. 12(b)(6)*

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also*, *Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotes omitted). In *Twombly*, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Conley*, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citations omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* In doing so, the complaint must meet a "plausibility" standard,

4

instituted by the Supreme Court in *Iqbal* where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. *Id*.

## III. DISCUSSION

### A. Service of Process

Respondents' first argue that the instant petition should be dismissed because Petitioner has failed to perfect service by serving a copy of both the summons and complaint on both the United States and the individuals being sued in their official capacities as required by Federal Rule of Civil Procedure 4(i). The Court finds this argument unavailing. Federal Rule of Civil Procedure 81(a)(4) provides that the "rules [of civil procedure] apply to proceedings for habeas corpus. . . to the extent that the practice in those proceedings is not specified in . . . the Rules Governing Section 2254 Cases." Rule 1(b) of the Rules Governing Section 2254 Cases, dealing with the scope of the rules, states that "[t]he district court may apply any or all of these rules to a habeas petition not covered by Rule 1(a)," which just states that the rules apply to 2254 Cases. Simply put, the Court may apply the rules to *any* habeas petition, including a 2241.

The Rules Governing Habeas Cases delineate the initiation of the petition. A petitioner must first name the respondents who have current custody, and possibly those having future custody, and follow a standard form for requesting relief. Rules Governing § 2254 Cases, Rule 2. Second, the petitioner must file an original and two copies of the petition with the clerk of court, and either pay

5

the applicable filing fee or motion the court for leave to proceed in forma pauperis. *Id*., Rule 3. After the filing fee is paid, or the petitioner is granted leave to proceed as a pauper, the judge then undertakes a preliminary review of the petition to determine if summary dismissal is warranted. If it is not, then the judge "must order the respondent to file an answer, motion, or other response within a fixed time," and the "respondent is not required to answer the petition unless a judge so orders." *Id*., Rs. 4, 5.

As this outlines, the initiation of a habeas petition is quite different from the filing of a traditional civil complaint, which requires a plaintiff to summon a defendant to answer, in that the judge orders the respondents to answer. Moreover, no court has found that Rule 4 of the Federal Rules of Civil Procedure applies in habeas proceedings. *See* 28-671 *Moore's Federal Practice–Criminal Procedure* § 671.03 (compiling habeas cases that incorporate each rule of civil procedure). Here, Petitioner has filed his habeas petition in accordance with the Rules Governing Habeas Cases, has paid his filing fee, and the undersigned has ordered respondents to answer. That is all the rules require and dismissal is not appropriate under Federal Rule of Civil Procedure 12(b)(5).

  *B. Petitioner Cannot Proceed Under 2254*

Respondents urge the Court to frame the current petition as a 2254 habeas petition as Petitioner is challenging a state conviction on grounds of ineffective assistance of counsel. Section 2254 provides that a "district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C § 2254(a) (emphasis added). However, Petitioner is not in custody pursuant to the judgment of a state court.

6

Petitioner is in dual custody as follows: (1) Petitioner is in custody of ICE pursuant to a removal order, the basis of that removal order being Immigration and Nationality Act (INA) § 212(a)(6)(A)(i), an illegal entrant; and (2) Petitioner is in custody of the USMS pursuant to a warrant under 18 U.S.C. § 3144, as a material witness in a criminal proceeding. Thus, because Petitioner is not in custody pursuant to the judgment of a state court, Section 2254 is not, as the respondents argue, the proper vehicle to challenge Petitioner's detention.

*C. No Relief Can Be Granted Under 2241*

Petitioner has raised several additional points of error and may still petition this Court under Section 2241, which provides that "habeas corpus may be granted by the . . . district courts . . . [if petitioner] is in custody under or by color of the authority of the United States . . . or [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."

Petitioner's main argument revolves around the constitutionality of the state court conviction. However, similar to the requirement that a petitioner for 2254 relief be in custody pursuant to a state conviction, 2241 requires petitioner to be in custody in violation of the Constitution or laws or treaties of the United States. As it has already been discussed, Petitioner is not in custody for the state court conviction. Thus, even if the court were to engage in an analysis to determine whether Petitioner's Fifth Amendment right to effective assistance of counsel was deficient under *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010),[2] and even if it found that to be the case, Petitioner would still be in custody for the removal order based on his illegal presence in the United States, and material witness warrant. Simply put, overturning a state court conviction would provide no relief from the

---

[2] The *Padilla* Court applied the test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984), in the immigration context, and determined that a lawyers failure to inform her client of the immigration consequences of a guilty plea might be ineffective assistance of counsel.

7

detention that Petitioner is complaining about.

What Petitioner is in custody for is an order of removal, and warrant to secure his appearance at a December 3, 2012 hearing. First, the Court does not have jurisdiction to review the substance of the removal order. Petitioner avers at the end of his petition that he is not seeking review of his final removal order. However, just because Petitioner says he is not seeking review of that order does not make it so. Petitioner argues that but for the state conviction he would not be removable because he is the beneficiary of immediate relative petition (I-130) filed by his current wife. This strikes the Court as an argument against his removal order, and is left by statute to be dealt with in the administrative arm of the Executive Office of Immigration Review and the Courts of Appeals.

In 2005, Congress passed the REAL ID Act, which, among other things, divested the district courts of jurisdiction to review removal orders. REAL ID Act of 2005. Pub. L. No. 119-13, Div. B., 119 Stat. 302. The Act makes a petition for review the "sole and exclusive means" for judicial review of removal orders and gives the courts of appeals exclusive jurisdiction to consider petitions for review of removal orders, notwithstanding "any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision." 8 U.S.C. § 1252(a)(5). It goes on to provide, with respect to the restrictions on judicial review, that "the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review." *Id*. Thus, this court lacks subject matter jurisdiction to review any claim to Petitioner's right to remain in this country.[3]

Second, Petitioner is in custody pursuant to an arrest warrant issued on May 18, 2012, for

---

[3]Moreover, transfer to the Court of Appeals in the interests of justice is not appropriate because the time for Petitioner to file a petition for review in the appellate court has lapsed. *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."). Here, the immigration judge issued his order on December 15, 2011, and the Board of Immigration Appeals dismissed the appeal on March 20, 2012.

8

his appearance as a material witness at a pending criminal trial. The federal material witness statute, 18 U.S.C. § 3144, authorizes judges to "order the arrest of [a] person" whose testimony "is material in a criminal proceeding . . . if it is shown that it may become impracticable to secure the presence of the person by subpoena." The warrant against Petitioner was secured because Petitioner was scheduled to be deported on or about May 31, 2012, and the government averred that he was, and is, a crucial and critical witness in the case against Domingo Hernandez-Hernandez, and that it would be impractical, and maybe impossible, to secure his presence after deportation. This is precisely the type of scenario that the federal material witness statute contemplates, and numerous challenges to the statute have been rejected. *See e.g. Ashcroft v. al-Kidd*, 131 S. Ct. 2074 (2011) (rejecting an argument that detention of material witness was unreasonable under the Fourth Amendment); *United States v. Matus-Zayas*, 655 F.3d 1092, 1098-99 (9th Cir. 2011) (rejecting facial challenge to § 3144). Here, Petitioner is a material witness in a criminal proceeding whose testimony might be impractical or impossible to secure once he is deported. Accordingly, there is no constitutional infirmity in his detention under that statute.

The final issue raised by Petitioner is that his detention violates CATOC, which the United States is signatory to, inasmuch as that treaty requires the government to protect witnesses. The pertinent part of CATOC, located in Article 24 of the treaty, provides:

> 1. Each State Party shall take appropriate measures within its means to provide effective protection from potential retaliation or intimidation for witnesses in criminal proceedings who give testimony concerning offences covered by this Convention and, as appropriate, for their relatives and other persons close to them.
>
> 2. The measures envisaged in paragraph 1 of this article may include, inter alia, without prejudice to the rights of the defendant, including the right to due process:
> (a) Establishing procedures for the physical protection of such

> persons, such as, to the extent necessary and feasible, relocating them and permitting, where appropriate, non-disclosure or limitations on the disclosure of information concerning the identity and whereabouts of such persons;
> (b) Providing evidentiary rules to permit witness testimony to be given in a manner that ensures the safety of the witness, such as permitting testimony to be given through the use of communications technology such as video links or other adequate means.
>
> 3. States Parties shall consider entering into agreements or arrangements with other States for the relocation of persons referred to in paragraph 1 of this article.
>
> 4. The provisions of this article shall also apply to victims insofar as they are witnesses.

Convention against Transnational Organized Crime, art. 24, Nov. 15, 2000, 2225 U.N.T.S. 209. (Treaty No. I-39574). Petitioner argues that CATOC "forbids his continued detention." However, nowhere in the language of this Article does the treaty forbid a signatory nation from detaining a material witness. Rather, it requires the government to protect those witnesses from harm. Petitioner has alleged no harm as a result of his upcoming testimony, nor is there any evidence of any such harm. Moreover, there is no allegation that Petitioner's removal to Peru would be placing him in harm's way, and again this Court lacks jurisdiction to hear any claim of defense to his removal.

## *IV. CONCLUSION & RECOMMENDATION*

Both Petitioner and respondents have raised much ado about Petitioner's state conviction, and its bearing on the instant petition. However, the state court conviction is of no consequence to Petitioner's current detention. Petitioner is being detained for a removal order, based on his illegal presence in the country, not the state conviction, and for a warrant to secure his presence as a material witness in a criminal proceeding. The Court lacks subject matter jurisdiction to entertain a challenge to the former, and finds no constitutional infirmity in the latter. Because Petitioner has

failed to state any claim upon which relief can be granted, the undersigned **RECOMMENDS** that the respondents' Motion to Dismiss, or in the alternative Motion for Summary Judgment (Doc. 7) be **GRANTED** and the petition be **DISMISSED WITH PREJUDICE**.

Any party may, within fourteen [14] days of the filing of this recommendation, file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge of record. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985): *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the pro se plaintiffs by certified mail, return receipt requested, to their last known address as reflected on the docket sheet, and to any other counsel of record, as applicable.

DATED: December 3, 2012                        /s/ *James E. Seibert*
                                               JAMES E. SEIBERT
                                               UNITED STATES MAGISTRATE JUDGE